No. 856
### DAYS v. THOMPSON, Admr.
Ohio Appeals, 1st Dist., Hamilton Co.
No. 2644.   Decided May 18, 1925

261.  COMMON LAW—1. Marriage, enforceable when agreement of is made in praesenti and is followed by cohabitation as husband and wife.

2. When persons live together illicitly for many years, presumption is that such arrangement continued.

BUCHWALTER, P. J.

An action was brought by William Days against Rollins Thompson, administrator of the estate of Minnie Turner, deceased. It was claimed by Days that Minnie Turner under the name of Minnie Huglie held at her death certain real estate to which he was entitled for the reason that she held such real estate as trustee for him, and that in the alternative, he and said Minnie Turner were common law husband and wife. That as she left no issue surviving her, he thereby became owner at her death.

In the Hamilton Common Pleas where the case was tried the theory of the property being held in trust for Days was abandoned, the only issue being the existence of the alleged common law marriage. A jury was waived and the trial court found that the common law marriage had not been established and entered judgment for the administrator. Error was prosecuted and it was claimed by Days that the judgment was manifestly against the weight of the evidence and contrary to law. The Court of Appeals held:

1. While the General Code provides certain regulations as to the exercise of the right to marry, it does not prohibit marriage under the rules of the common law.

2. "An agreement of marriage in praesenti when made by parties competent to contract accompanied and followed by cohabitation as husband and wife, they being so treated and reputed in the community and circle in which they move, establishes a valid marriage at common law, and a child of such marriage is legitimate and may inherit from the father."

3. A common law marriage however, rests on contract. It is not a promise to be performed in the future, but must be the result of an agreement to take effect in praesenti.

4. When such contract is entered into it may be proved "by competent parol proof and circumstances when the degree of proof is clear and satisfactory to the court or jury."

5. Where persons have lived together illicitly, for many years, as the evidence herein disclosed, the presumption is that such an arrangement continued.

6. The judgment is not manifestly against the weight of the evidence, and no error exists prejudicial to Days.

Judgment affirmed.

Attorneys—Henry H. Rockel and John H. Johnson for Days; George A. Hamma for Thompson; all of Cincinnati.